UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TEVIS, et al., | No. 2:23-cv-02054 TLN CKD (PS) |
| Plaintiffs, | |
| v. | ORDER & FINDINGS AND RECOMMENDATIONS DISMISSING FOR LACK OF SUBJECT MATTER JURISDICTION |
| STATE OF CALIFORNIA SUPERIOR COURT, et al., | |
| Defendants. | |

Plaintiffs, who are proceeding without counsel in this action, request leave to proceed in forma pauperis ("IFP").[1] (ECF Nos. 2 & 3.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).

The court finds that it lacks federal subject matter jurisdiction over the action. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (noting the federal court's independent duty to ensure it has subject matter jurisdiction in the case). Accordingly, the court recommends that the action be dismissed without prejudice, and that plaintiffs' applications to proceed in forma pauperis in this court be denied as moot.

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72. Resolution of dispositive matters by a magistrate judge are to be filed as findings and recommendations. See Local Rule 304.

**I.     Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3).

////

////

////

## II.     Analysis

Plaintiffs name multiple institutional and individual defendants in this action, which concerns the title to a manufactured home located in Rescue, California.  Plaintiffs bring several claims under California law but assert federal jurisdiction under 42 U.S.C. § 1983, claiming defendants violated their federal constitutional rights.  ECF No. 1 at 2.  Plaintiffs' requested relief includes the voiding of a challenged grant deed, monetary damages, and an order that plaintiffs hold sole ownership and title to the disputed property.  ECF No. 1 at 38.

To state a § 1983 claim, a plaintiff must allege facts showing each named defendant either exhibited some sort of "direct personal participation in the deprivation" or "set[ ] in motion a series of acts by others which the actor [knew] or reasonably should [have known] would cause others to inflict the constitutional injury."  Johnson v. Duffy, 588 F.2d 740, 743–744 (9th. Cir. 1978).  There must be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation.  See Monell v. Dep't of Soc. Services, 436 U.S. 658, 691–92, (1978).

The institutional defendants included by the plaintiffs in the complaint are the following state entities: the Superior Court of California; the Court of Appeal, Third Appellant [sic] District; the California Department of Housing and Community Development; and the California Department of Veterans' Affairs.  ECF No. 1 at 3-4.  These defendants are immune from suit under the doctrine of sovereign immunity.  The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an "arm of the state," its instrumentalities, or its agencies. Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995), citing Durning v. Citibank, N.A., 950 F.2d 1419, 1422–23 (9th Cir. 1991).  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  As the State of California has not consented to suit, the claims against these defendants cannot go forward.

Plaintiffs also name two county entities as defendants: the County of El Dorado Building Department and the County of El Dorado Assessor.  ECF No. 1 at 4.  "Municipalities and other

local government units ... [are] among those persons to whom § 1983 applies." Monell v. Dept. of Soc. Servs., 436 U.S. at 690. However, a municipal entity is liable under § 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. See Villegas v. Gilroy Garlic Festival Association, 541 F.3d 950, 964 (9th Cir. 2008) (citing Monell, 436 U.S. at 690–94). "[A]n act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Board of County Comm'rs. of Bryan County v. Brown, 520 U.S. 397, 404 (1997). Plaintiffs have not alleged that any county employee acted pursuant to a policy or custom that violates their federal constitutional rights. Thus, the complaint does not state a federal claim as to these defendants.

Plaintiffs also name California Attorney General Rob Bonta as a defendant. ECF No. 1 at 4. However, plaintiffs' allegations do not show that Bonta committed any constitutional violation or caused plaintiffs harm. To state a § 1983 claim, a plaintiff must allege facts showing each named defendant either exhibited some sort of "direct personal participation in the deprivation" or "set[ ] in motion a series of acts by others which the actor [knew] or reasonably should [have known] would cause others to inflict the constitutional injury." Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978). There must be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation. See Monell, 436 U.S. at 691–92 (1978). Thus, the complaint fails to state a claim against Bonta.

As to individual defendants, plaintiffs name Deree Raymond, an El Dorado County Building Department employee. ECF No. 1 at 4. However, plaintiffs' brief and conclusory allegations against Raymond are insufficient to state a federal claim under § 1983. See ECF No. 1 at 33 (alleging Raymond "made false and fabricated evidence" and deprived plaintiffs of their rights under the Manufactured Housing Act). For the same reasons, plaintiffs fail to state a federal claim against state employee Leeanne Tedrow. See ECF No. 1, 33 (alleging Tedrow "committed fraud . . . and certified false documents . . . under the Manufactured Housing Act").

Plaintiffs also name as defendants two individuals (Waymire and Locatelli) who allegedly

purchased the disputed manufactured house in 2021 and lived in it. ECF No. 1 at 4. Plaintiffs do not allege a cognizable federal claim against these defendants, either, as the complaint does not demonstrate how the conduct of each defendant resulted in a deprivation of plaintiffs' federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

The court does not have federal question jurisdiction over this action, because plaintiffs do not assert any federal claims against any defendant. In the absence of a basis for federal jurisdiction, plaintiffs' claims cannot proceed in this venue. See McDaniel v. Hinch, No. 2:17-cv-02448 KJM CKD (E.D. Cal.), Order dated July 11, 2018 ("[W]ith no stated claim triggering either diversity or federal question jurisdiction, the complaint is properly subject to dismissal for lack of jurisdiction. Fed. R. Civ. P 8(a)(2); Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).").

**RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' motions to proceed in forma pauperis (ECF No. 2 & 3) be DENIED AS MOOT;
2. The action be DISMISSED for lack of subject matter jurisdiction; and
3. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

**ORDER**

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and

/////

/////

recommendations.  <u>Other than objections to the findings and recommendations or non-frivolous motions for emergency relief</u>, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

Dated:  January 17, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/tevis2054.ifp-nojuris

6